[663 NYS2d 615]

In the Matter of ROBERT J. SHERMAN (Admitted as ROBERT JOHN SHERMAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 14, 1997

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty,* Syosset *(Robert P. Guido* of counsel), for petitioner.

*Kressel, Rothlein & Roth,* Massapequa *(Stephen Kressel* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing 11 charges of professional misconduct against him. The Grievance Committee moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent submitted an affidavit in opposition in which he asks the Court to extend leniency towards him.

Charge One alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

In or about March 1989, Louise A. Doria retained the respondent to represent her in a divorce action. She paid $350 towards fees and disbursements. The respondent prepared and served a summons and complaint on her behalf in or about March 1989. In or about December 1989, the respondent prepared findings of fact and conclusions of law related to the divorce action. He failed to thereafter timely file that document with the court or to otherwise take steps to finalize the client's divorce.

In or about July 1993, the client contacted the respondent who informed her that although he had never completed the matter, he would then act promptly. The respondent failed to pursue the matter further until approximately December 1993, when he prepared and had the client sign papers for the purpose of commencing a new action for divorce. The respondent neglected the matter further until approximately June 27, 1994, when he purchased an index number. Between July 1993 and July 1994, the respondent failed to advise the client of the true status of this matter in response to her repeated inquiries. The client filed a complaint against the respondent in July 1994. He thereafter completed the matter and obtained a divorce for her in or about September 1994.

Charge Two alleged that the respondent failed to properly cooperate with the Grievance Committee in its investigation of the complaint filed against him by Louise A. Doria, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

On or about July 13, 1994, the Grievance Committee sent a letter to the respondent with a copy of the complaint and

requested his written response within 15 days. The respondent failed to reply. On or about August 12, 1994, the Grievance Committee sent a certified letter to the respondent demanding his answer to the complaint within five days at the risk of his interim suspension. The letter was delivered to the respondent's office on August 18, 1994. The respondent submitted a response to the complaint dated August 22, 1994.

By letter dated October 28, 1994, Grievance Counsel confirmed a prior understanding that respondent would appear at the Grievance Committee's offices on November 4, 1994, for a deposition, at which he would bring his relevant books and records regarding the Doria complaint. Although the respondent appeared for a deposition on the designated date, he failed to bring all of his books and records with him.

Charge Three, as amended at the pretrial conference, alleged that the respondent failed to promptly make a refund to a client in violation of Code of Professional Responsibility DR 2-110 (A) (3) (22 NYCRR 1200.15 [a] [3]). The respondent admitted Charge Three, as amended.

On or about November 17, 1994, Philip and Mary Hughes retained the respondent to prepare wills for each of them. They paid $40 towards his total fee of $80. The respondent failed to prepare the wills, failed to return repeated telephone calls and messages, and failed to keep a prearranged appointment to meet the clients at their home on November 25, 1994. The clients filed a complaint against the respondent on or about January 21, 1995. In response to the complaint, the respondent stated that a refund of $40 might be in order. The respondent neglected to make that refund for over a year.

Charge Four alleged that the respondent failed to properly cooperate with the Grievance Committee in its investigation of the complaint filed against him by Mary D. Hughes, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

By letter dated February 9, 1995, Grievance Counsel forwarded the Hughes complaint to the respondent and requested his written response within 15 days. Although that letter was delivered to the respondent's office on February 10, 1995, no response was received.

By certified letter dated March 21, 1995, Grievance Counsel demanded a response within five days at the risk of a motion for the respondent's interim suspension. The respondent submitted a written response dated March 31, 1995.

On or about March 20, 1996, the respondent advised the Grievance Committee that he had made a $40 refund to the clients and would provide the Grievance Committee with confirmatory proof of same within two weeks. The respondent failed to provide such proof. By letter dated May 1, 1996, the respondent admitted that he was "mistaken" in his belief that a refund was made previously.

Charge Five alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

In or about June 1994, Carmina Felicia DiIorio retained the respondent to represent her in a divorce action. She paid the respondent $345 towards fees and disbursements. The respondent thereafter neglected to pursue the matter in a timely and diligent manner.

The respondent failed to respond to his client's repeated inquiries between June 1994 and July 1995. The client filed a complaint against the respondent on or about June 28, 1995.

In his answer to the complaint the respondent admitted his neglect.

Although the respondent received a letter from his client discharging him and demanding a refund and her file, he ignored that letter.

By hand-delivered letter dated September 28, 1995, the Grievance Committee demanded an explanation for the respondent's failure to respond to his client's demands. In his response, the respondent stated that the reason for his failure to respond to the client was his annoyance at her request for a refund.

The respondent failed to comply with the demand for a refund and release until approximately October 21, 1995.

Charge Six alleged that the respondent failed to properly cooperate with the Grievance Committee's investigation of a complaint filed against him by Carmina Felicia DiIorio, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

By certified letter dated July 10, 1995, Grievance Counsel requested that the respondent submit his written response within 15 days. Although said letter was delivered on July 25, 1995, the respondent failed to reply. By letter dated August 15, 1995, Grievance Counsel demanded that the respondent answer the DiIorio complaint within five days at the risk of a motion for his interim suspension. The Grievance Committee received

the respondent's undated affirmation in response to the complaint on or about August 23, 1995.

Charge Seven alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

In or about 1986, Rosemarie Alloggiamento retained the respondent to represent her in a divorce action. She paid the client $3,000 towards fees and disbursements. The respondent thereafter neglected to pursue the matter in a timely and diligent manner.

On or about July 8, 1988, the respondent prepared a stipulation of settlement which the parties executed. He thereafter neglected to pursue the matter or to otherwise take steps to finalize the client's divorce.

In or about August 1988, the respondent falsely advised the client that she was divorced. In or about 1993, the client notified the respondent of her discovery that she was not in fact divorced. The respondent thereafter neglected to pursue the matter or to take steps to finalize the client's divorce. The client filed a complaint against the respondent on or about November 1, 1995. In his affirmation in response, the respondent admitted that he had neglected the matter.

Charge Eight alleged that the respondent failed to properly cooperate with the Grievance Committee in its investigation of a complaint filed against him by Rosemarie Alloggiamento, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

By letter dated November 8, 1995, Grievance Counsel requested the respondent's answer to the Alloggiamento complaint within 15 days. The respondent failed to respond until approximately December 13, 1995.

Charge Nine alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

In or about January 1995, Edward P. Caravello retained the respondent to represent him in an action to recover damages against a roofing contractor. He paid the sum of $100 towards fees and disbursements. The respondent neglected to comply with the client's repeated requests for copies of any documents pertaining to the case. He neglected to complete the matter for which he was retained and failed to advise the client of the true status of the matter.

In May 1996, the client filed a complaint against the respondent. In his response dated June 10, 1996, the respondent essentially admitted that he had neglected the matter.

Charge Ten alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

On or about April 17, 1996, Charles D. Schlipf retained the respondent to represent him in obtaining letters testamentary naming him as the executor of the estate of his recently deceased father. Between April 17 and June 28, 1996, the respondent repeatedly filed improperly drafted papers with the Surrogate's Court, which had to be corrected and resubmitted by the respondent. The client appeared for prearranged meetings at the respondent's office on at least four occasions in May and June 1996 to pick up letters testamentary promised by the respondent. On each occasion, the respondent informed the client that he had no papers to give him. In or about May and June 1996, the respondent failed to fulfill repeated promises made to the client that the papers could be picked up at the respondent's office.

The client obtained letters testamentary directly from the Surrogate's Court on or about June 28, 1996.

Charge Eleven alleged that the respondent failed to properly cooperate with the Grievance Committee in its investigation of the complaint filed against him by Charles D. Schlipf, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

By letter dated July 8, 1996, Grievance Counsel requested the respondent's answer to the Schlipf complaint within 15 days. The respondent failed to respond until September 3, 1996.

Based on the evidence adduced at the hearing and the respondent's admissions, we find that the Special Referee properly sustained all 11 charges. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's expressed remorse, his candor, his pro bono activities, and the problems attendant upon being a solo practitioner with a high volume practice and without a secretary. The respondent's disciplinary history includes a Letter of Caution issued on November 16, 1984, for his failure to represent a client in a diligent manner, his failure to properly advise the client of the true status of the matter, and his lack of candor to the Grievance Commit-

tee; two separate Letters of Caution issued on December 18, 1992, advising the respondent to devote proper attention to his clients' matters and to promptly cooperate; and a Letter of Admonition issued on September 23, 1994, for neglecting a legal matter and failing to cooperate.

Under the totality of circumstances, the respondent is suspended from the practice of law for two years.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Robert J. Sherman, is suspended from the practice of law for a period of two years, commencing October 14, 1997, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof (a) that during the said period he has refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Robert J. Sherman, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.